Defendant-appellant, Patrick Todd Dickenson, appeals from a judgment of the Franklin County Court of Common Pleas imposing a seventeen-month sentence on his guilty plea to attempted gross sexual imposition in violation of R.C. 2923.02 as it relates to R.C. 2907.05, and further finding defendant to be a sexual predator.
By indictment filed on July 23, 1999, defendant was charged with three counts of rape in violation of R.C. 2907.02, all felonies of the first degree. The victim under each count was defendant's step-daughter. According to the indictment, the three incidents occurred on September 26, 1996, February 4, 1997, and October 27, 1997, when the victim was eight or nine years old.
Trial on the indicted charges commenced on December 14, 1999. The first witness was the victim, whose testimony was taken over two days. Following the conclusion of the state's direct examination of the victim, the trial ceased, and on December 16, 1999, defendant entered a guilty plea to the stipulated lesser-included offense of attempted gross sexual imposition. No transcript of the guilty plea proceedings is included in the record.
On March 3, 2000, the court conducted a hearing on the sexual predator aspects of defendant's guilty plea in conjunction with the sentencing proceedings. At the conclusion of the hearing, the court sentenced defendant to seventeen months incarceration and a $2,500 fine. The court further indicated it would take the sexual predator issue under advisement. At the same time, the court noted its intention to consider the victim's trial testimony as well as the victim's statements in the pre-sentence investigation, even though the state did not seek to have the pre-sentence investigation admitted into evidence for purposes of the sexual predator hearing.
By entry filed March 14, 2000, the court journalized the seventeen-month sentence and $2,500 fine announced in court. It further determined the state had proved by clear and convincing evidence that defendant is a sexual predator subject to community notification. Defendant appeals, assigning the following errors:
 I. WHETHER THE TRIAL COURT ERRED TO THE PREJUDICE OF THE APPELLANT IN THAT THE EVIDENCE IS INSUFFICIENT, AS A MATTER OF LAW, TO PROVE BY "CLEAR AND CONVINCING EVIDENCE" THAT APPELLANT IS "LIKELY TO ENGAGE IN THE FUTURE IN ONE OR MORE SEXUALLY ORIENTED OFFENSES."
 II. WHETHER THE TRIAL COURT ERRED IN NOT GIVING A SPECIFIC FINDING OF FACTS AND CONCLUSION OF LAW WHETHER APPELLANT WAS A SEXUAL PREDATOR WHEN REQUESTED BY COUNSEL FOR APPELLANT.
 III. WHETHER THE TRIAL COURT ERRED IN PERMITTING SWORN TESTIMONY TO BE ADMITTED WHEN NOT SUBJECT TO CROSS-EXAMINATION IN VIOLATION OF APPELLANT['S] SIXTH AMENTMENT [sic] RIGHTS.
 IV. WHETHER THE TRIAL COURT ERRED IN REVIEWING EVIDENCE NOT ADMITTED INTO EVIDENCE.
 V. WHETHER THE TRIAL COURT ERRED IN HOLDING A SEXUAL PREDATOR HEARING WITHOUT FORMAL NOTICE TO THE APPELLANT.
 VI. WHETHER THE TRIAL COURT ISSUED A PUNITIVE SENTENCE IN VIOLATION OF OHIO REVISED CODE SEC. 2929.01, ET SEQ.
Defendant's first assignment of error contends the trial court's finding defendant to be a sexual predator is not supported by sufficient evidence. In reviewing the trial court's sexual predator determination for the sufficiency of the evidence, we construe the evidence in favor of the prosecution and determine whether such evidence permits any rational trier of fact to find the state has met its burden of proving by clear and convincing evidence that defendant is a sexual predator.
A sexual predator is defined as "a person who has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses." R.C.2950.01(E). Gross sexual imposition, in violation of R.C. 2907.05, is a sexually oriented offense. R.C. 2950.01(D)(1). Thus, the issue resolves to whether clear and convincing evidence supports the trial court's conclusion that defendant is likely to engage in future sexually oriented offenses. R.C. 2950.09(B)(3); State v. Cook (1998), 83 Ohio St.3d 404,423-424. Clear and convincing evidence is that evidence "which will provide in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." Cincinnati Bar Assoc. v.Massengale (1991), 58 Ohio St.3d 121, 122, 568 N.E.2d 1222. Clear and convincing evidence is "more than a preponderance of the evidence and less than evidence beyond a reasonable doubt." State v. Ingram (1992),82 Ohio App.3d 341, 346, 612 N.E.2d 454.
Here the state requested that, in making the sexual predator determination, the trial court consider the testimony of the victim previously heard during the trial, defendant's prior driving while under the influence charge from 1998, the age of the victim, and the position of trust defendant violated. Defendant asserts the foregoing cannot constitute clear and convincing evidence that he is a sexual predator.
According to the victim's trial testimony, defendant, married to the victim's mother, engaged in sexual activity with her over a period of time. The first instance she recalled at trial was when she came out of the shower to find defendant standing unclothed. She related later incidents where defendant and she, both unclothed, would play sex games with sexually explicit dice. She testified to other incidents where she and defendant, again unclothed, would watch R-rated pay-per-view movies as defendant masturbated himself and ejaculated. She further testified defendant licked her vaginal area and had her lick his penis. According to the victim, the sexual activity occurred over a period of time. The victim did not report the incidents because defendant told her that he and she both would go to jail if she did. She ultimately reported an incident to a friend who informed the victim's mother, which resulted in a visit to Children's Hospital where the victim was examined.
Given that testimony, the trial court determined the state had proved defendant is a sexual predator by clear and convincing evidence because "(1) the victim was 8 or 9 years of age at the time of the offense(s); (2) the Defendant, on numerous occasions over a two year period of time, engaged in various sexual activities including cunnilingus, fellatio, masturbation, watching sexually explicit movies, and playing sexually oriented `games' with sexually explicit dice; [and] (3) the Defendant is in total denial of the offense to which he has entered a plea of guilty." (Judgment Entry, March 14, 2000.)
The victim's testimony, construed in the state's favor, fits within a number of the categories specified in R.C. 2950.09(B). Specifically, the victim was young, about eight or nine years or age. R.C. 2950.09(B)(2)(c). Defendant held a position of trust, occupying the home and serving the role of father, and the pattern of abuse occurred over a period of time. R.C. 2950.09(B)(2)(h). Finally, despite entering a guilty plea, defendant denied any wrongdoing, thereby suggesting no intent to address past mistakes. See R.C. 2950.09(B)(2)(j).
Defendant next contends the judgment finding defendant to be a sexual predator is against the manifest weight of the evidence. "Judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed by a reviewing court as being against the manifest weight of the evidence." C.E. Morris Co. v. FoleyConstruction Co. (1978), 54 Ohio St.2d 279, syllabus. Because the issue arises from a sexual predator hearing, we apply the test in the context of the state's burden to prove its case by clear and convincing evidence. Determinations of credibility and weight of the testimony remain within the province of the trier of fact. State v. DeHass (1967),10 Ohio St.2d 230.
In support of his contention, defendant relies primarily on the testimony of Judianne Cochran, a criminologist who, based on her interview with defendant, testified she did not believe defendant was likely to re-offend. The trial court concluded her testimony was not persuasive, as she did not believe defendant committed a sexually oriented offense. Because defendant entered a guilty plea to attempted gross sexual imposition, the trial court found her underlying premise to be untenable, and therefore rejected her opinion.
Without question, the trial court is not required to accept the testimony of an expert witness. Here, the trial court not only rejected that testimony but explained why, and the explanation is supported in the record. Cochran interviewed defendant before his guilty plea was entered; she thus produced the report on which her testimony was premised without knowledge of the guilty plea. Although Cochran ultimately offered that she believed defendant was not likely to re-offend even if he committed the offense to which he entered the guilty plea, the crux of her testimony clearly indicated her belief that defendant did not commit that offense. Because the trial court accepted the guilty plea as a full admission of guilt for that offense, the trial court deemed Cochran's report and testimony to be premised on less than accurate information.
Finally, we note that the record does not contain a transcript of the guilty plea proceedings before the trial court. As a result, we are unable to ascertain fully the nature of defendant's admission to the trial court. Rather, we have the trial court's representation that defendant entered a guilty plea to "attempted licking the vaginal area of an eight year old * * *." (Sexual Predator Hearing, Tr. 39.) Given that sexual activity, the age of the victim, the period of time over which it occurred, the intra-family nature of the activity, and defendant's refusal to acknowledge any responsibility, we cannot say the trial court erred in finding defendant to be a sexual predator. Defendant's first assignment of error is overruled.
Defendant's second assignment of error asserts the trial court erred in failing to issue findings of fact and conclusions of law regarding its sexual predator findings, as defendant requested.
While the trial court did not issue separate findings of fact and conclusions of law, its judgment entry specifically notes those factors it deemed most significant in finding defendant to be a sexual predator. At the same time, it explained why it found Cochran's testimony to be unpersuasive. Those findings are sufficient to comply with defendant's request for findings of fact and conclusions of law. Defendant's second assignment of error is overruled.
Defendant's third assignment of error asserts the trial court erred in considering over defendant's objection the testimony of the victim that had not been subject to cross-examination.
In Cook, the Supreme Court specifically delineated some types of evidence that properly are considered by a trial court in determining a defendant's sexual predator status. Among the items mentioned is a pre-sentence investigation, which in this type of case typically reflects interviews of the victim of the crime and reports their version of the incident, not subject to cross-examination by the defendant.
Here, the victim testified at trial, and before cross-examination defendant entered a guilty plea to attempted gross sexual imposition. In effect, the trial court's considering the victim's testimony was much like considering her statement in a pre-sentence investigation. Because the Supreme Court has found a pre-sentence investigation to be proper evidence in a sexual predator hearing, we are compelled to conclude that the testimony of the victim, though not subject to cross-examination, could be considered by the trial court in this case. See State v. Bailey
(July 15, 1999), Franklin App. No. 98AP-1132, unreported ("Thus, it is not per se prejudicial error for a trial court to base its determination upon evidence which could not be cross-examined"). Moreover, although a pre-sentence investigation may contain a defendant's rendering of the incident, defendant here was allowed to testify during the sexual predator hearing and thereby present the court with any information he deemed appropriate.
Finally, defendant objected to the trial court's considering the victim's testimony, because the absent cross-examination could have been used to point out inconsistencies in the victim's testimony, as well as in her pretrial statement. Defendant, however, was fully able to argue inconsistencies in her trial testimony, despite not having cross-examined her. Defendant, thus, was not substantially prejudiced by not having the opportunity to cross-examine the victim whose testimony admittedly was vague at times. To the extent defendant contends he would have noted inconsistencies in the victim's pretrial statement, defendant did not attempt to introduce the statement, and we thus are unable to ascertain to what degree defendant may have been prejudiced by the inability to cross-examine the victim regarding that statement.
While the preferred procedure may be to allow cross-examination under circumstances such as these, the Supreme Court has found a pre-sentence investigation is appropriate evidence. Because the victim's testimony here is akin to a pre-sentence investigation, and because of the opportunities the sexual predator hearing presented to show what cross-examination would have produced, we are compelled to conclude the trial court properly could consider the victim's trial testimony in determining defendant's sexual predator status. Defendant's third assignment of error is overruled.
Defendant's fourth assignment of error contends the trial court erred in considering the pre-sentence investigation which the state did not offer into evidence. Because defendant failed to object, defendant waived all but plain error. State v. Slagle (1992), 65 Ohio St.3d 597. To warrant reversal, defendant must show that the outcome of the trial clearly would have been different absent the error. State v. Long
(1978), 53 Ohio St.2d 91, paragraph two of the syllabus. Notice of plain error under Crim.R. 52(B) is to be taken with the utmost caution, under exceptional circumstances, and only to prevent a manifest miscarriage of justice.
Here, the trial court erred in considering the pre-sentence investigation. Because it was not offered as evidence by the state, it was outside the parameters of evidence properly considered in determining defendant's status as a sexual predator. The issue, then, resolves to whether the error rises to the level of plain error.
The trial court stated it would consider the pre-sentence investigation with respect to the victim's statements. Because the pre-sentence investigation is not part of the record, we are unable to ascertain whether those statements differ from the testimony rendered at trial, and if so, to what extent. Nonetheless, the trial court delineated in its judgment entry the facts on which it relied to find defendant a sexual predator. The findings are supported by the victim's testimony rendered at trial. While the court's finding the abuse to have occurred over a two-year period may be less than explicitly supported by the trial transcript, the victim testified the events occurred while she was in the third and fourth grades. Thus, to the extent the pre-sentence investigation varied from the trial testimony, the trial court apparently ignored it. Further, to the extent the statement simply duplicated the testimony rendered at trial, defendant suffered no error rising to the level of plain error by the duplication of evidence. Accordingly, we are unable to find plain error in the trial court's considering the victim's statement in the pre-sentence investigation. Defendant's fourth assignment of error is overruled.
Defendant's fifth assignment of error asserts he failed to receive "formal" notice pursuant to State v. Gowdy (2000), 88 Ohio St.3d 387. InGowdy, the Supreme Court concluded that the notice requirements of R.C.2950.09(B)(1) are mandatory, and that the lack of notice is plain error requiring reversal of a sexual predator finding.
Here, defendant entered a guilty plea on December 16, 1999. Defendant acknowledges that when defendant entered his guilty plea, the trial court advised that the maximum prison term was eighteen months incarceration and "there must be a hearing regarding the defendant's status as a sexually oriented offender or a sexual predator." The criminal processing sheet, filed December 16, 1999, reflects a sentencing date of February 4, 2000, at 9:00 a.m., with a pre-sentence investigation ordered. Notice of the hearing was mailed December 20 to defendant's attorney and to defendant. A subsequent notice was sent to defendant and his attorney changing the date to February 15, 2000, at 9:00 a.m. Yet another notice, filed January 4, 2000, sets the matter for sentencing on February 11, 2000, at 9:00 a.m., with notice going to defendant's attorney and to defendant.
By a criminal case processing sheet filed on February 11, 2000, the matter was continued for sentencing to February 24, 2000, at 9:00 a.m. A subsequent criminal case processing sheet, filed February 25, 2000, scheduled the matter for March 3, 2000, at 9:30 a.m. "per telephone." Although the sheet failed to indicate for what purpose the matter was set, a notice filed March 1, 2000, was sent to defendant's attorney and to defendant advising that the matter had been rescheduled for trial from Thursday, February 24, 2000, 9:00 a.m. to Friday, March 3, 2000, at 9:30 a.m.
Given the foregoing, defendant seemingly was advised of the proceedings on March 3, 2000, the date of the sexual predator hearing. Unfortunately, the notice advised that the matter was rescheduled for trial, not for sentencing and the sexual predator hearing. Moreover, the notice was a short two days before the hearing. Although the criminal case processing sheet suggests the time was set per telephone agreement, it fails to indicate who agreed to the time.
Nonetheless, defendant does not contend he did not know of the hearing. Indeed, defendant was present with witnesses and was prepared to present his evidence in support of his contention that he is not a sexual predator. Indeed, at no point in the proceedings did defendant contend he was unaware of the date and time of the hearing. Rather, defendant contends he lacked "formal" notice of the hearing.
While defendant relies on Gowdy to support his contention that formal notice is required, the facts of Gowdy are substantially different from those here. In Gowdy, the defendant was unaware of the sexual predator hearing and thereby incapable of preparing a defense. Here, defendant was prepared to present his defense because he was aware of the date, time and location of the hearing. R.C. 2950.09(B)(1). To apply Gowdy in these circumstances would elevate form over substance when the purpose of notice was achieved, as evidenced by defendant's readiness to defend at the sexual predator hearing. Defendant's fifth assignment of error is overruled.
Finally, defendant's sixth assignment of error asserts the trial court issued a punitive sentence in incarcerating defendant for seventeen months on his guilty plea to attempted gross sexual imposition. Defendant cites nothing in the record to support his contention, nor does he suggest that mandatory review arises from a sentence that is less than the maximum possible incarceration for the offense. Rather, defendant apparently is requesting that we substitute our judgment for that of the trial court in its sentencing function. Declining to do so, we overrule defendant's sixth assignment of error.
Having overruled all six of defendant's assigned errors, we affirm the judgment of the trial court.
 ___________________ BRYANT, J.
LAZARUS and TYACK, JJ., concur.